# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-2224

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | North Dakota. |
| Kimhong Thi Le, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2006
Filed: January 22, 2007

_____

Before LOKEN, Chief Judge, MELLOY, Circuit Judge, SCHILTZ, District Judge.[1]

_____

MELLOY, Circuit Judge.

Kimhong Thi Le was charged with possession with intent to distribute and conspiracy to distribute marijuana. Le moved to suppress the marijuana upon which her charges were based, alleging that her Fourth Amendment rights were violated when an officer impounded and conducted an inventory search of the rental vehicle

_____

[1] The Honorable Patrick J. Schiltz, Judge, United States District Court for the District of Minnesota, sitting by designation.

in which she had been a passenger. After the district court[2] denied Le's motion to suppress, Le entered a conditional plea of guilty to an information charging her with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Le reserved the right to appeal the denial of her suppression motion. We affirm.

I.     Background

On February 9, 2004, Le and Diana Courtney Duong departed from Seattle, Washington, en route to Minneapolis, Minnesota, in a rented sport utility vehicle (SUV). Inside the SUV, the women carried four large duffle bags belonging to Le; the duffle bags contained 216 pounds of marijuana in numerous heat-sealed bags.

On February 10, 2004, Duong lost control of the SUV as the women encountered a blizzard while driving eastbound on I-94, an interstate highway through western North Dakota. The SUV careened off of the road, rolled over onto its side, and came to rest in a snow-covered ditch about forty feet from the south side of I-94. Neither woman was injured and they left the SUV.

At approximately 8:50 a.m. on February 11, 2004, North Dakota Highway Patrol Trooper Will Vance came across Duong and Le's overturned SUV. No one was present at the accident site. Trooper Vance conducted a license check on the vehicle and, from the information he gathered, concluded that the SUV was either a rental vehicle or a company car. Trooper Vance contacted various local law enforcement agencies to determine whether the accident involving the SUV had been reported, as required by North Dakota law; no reports had been received.

---

[2] The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

The North Dakota Highway Patrol Policy Manual states that if a vehicle "constitutes a hazard, the vehicle will be considered abandoned and will be impounded and moved to an authorized area for safekeeping." Because of the SUV's proximity to I-94 and the continuing poor road conditions, Trooper Vance believed the overturned vehicle constituted a hazard and therefore decided to impound it. After Trooper Vance requested East End Towing impound the vehicle, he learned that a woman had called the towing company earlier that morning seeking to have the SUV towed.

East End Towing was finally able to return the SUV to an upright position at approximately 10:33 a.m. After the vehicle was righted, Trooper Vance checked the glove compartment for documents identifying the vehicle's owner. The compartment contained a card from Budget Rent-A-Car with the company's phone number; no other information was found.

After checking the glove compartment, Trooper Vance noticed several large, black duffle bags in the back seat area, along with a suitcase. None of the luggage had identification tags. Trooper Vance then conducted an inventory search of the vehicle, consistent with Highway Patrol policy for vehicles being impounded. He removed one of the duffle bags from the car, opened it, and found numerous heat- sealed bags of marijuana. The remaining duffle bags, which also contained marijuana, were removed from the vehicle. Trooper Vance cataloged the contents of the vehicle on the required inventory search form and completed evidence documentation for the contraband items found in the vehicle.

No one associated with the vehicle arrived at the scene during the two hours before the car was righted, or any time on February 11, 2004, despite contact between a person claiming an interest in the car and East End Towing.

Le was eventually identified as the passenger in the SUV and was charged with possession with intent to distribute marijuana and conspiracy to distribute marijuana. Le filed a motion to suppress the evidence obtained during Trooper Vance's inventory search of the wrecked SUV. Le asserted the impoundment and inventory search of the SUV were unreasonable considering the totality of the circumstances, thereby violating her Fourth Amendment right to be free from unreasonable searches and seizures. Specifically, Le argued that the SUV was unconstitutionally impounded, and the subsequent search therefore also impermissible, because the decision to impound the SUV was made pursuant to a policy vesting officers with excessive discretion.

The district court rejected Le's arguments and denied the motion to suppress. The court held that the impoundment and inventory search of the SUV were reasonable based upon the totality of the circumstances. In the alternative, the court concluded that the SUV was abandoned on the morning of February 11, 2004, rendering Le unable to pursue a Fourth Amendment claim.

After the district court's ruling, Le entered a conditional guilty plea to an information charging her with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Le was sentenced to thirty months of imprisonment.

II.    Discussion

"When considering the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions *de novo*." United States v. Petty, 367 F.3d 1009, 1011 (8th Cir. 2004).

Le contends that the SUV was unlawfully impounded, rendering the accompanying inventory search unconstitutional. Le further argues that the search was unreasonable, considering the totality of the circumstances. Thus, Le asserts the

marijuana found during the inventory search must be suppressed. We disagree. Because we conclude the SUV was properly impounded and the subsequent search was permissible and reasonable, we affirm the district court's denial of the motion to suppress.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Generally, searches or seizures conducted without prior approval by a judge or magistrate are unreasonable under the Fourth Amendment. United States v. Marshall, 986 F.2d 1171, 1173 (8th Cir. 1993). However, there are "a few specifically established and well-delineated exceptions" to this "cardinal principle." Id. (internal quotations omitted). The Supreme Court has recognized such an exception to the warrant requirement for searching a vehicle lawfully impounded by law enforcement officers. Cady v. Dombrowski, 413 U.S. 433, 446-48 (1973). "Impoundment of a vehicle for the safety of the property and the public is a valid 'community caretaking' function of the police," which does not require a warrant. Petty, 367 F.3d at 1011-12 (quoting Dombrowski, 413 U.S. at 441).

The impounding of a vehicle passes constitutional muster so long as the decision to impound is guided by a standard policy – even a policy that provides officers with discretion as to the proper course of action to take – and the decision is made "on the basis of something other than suspicion of evidence of criminal activity." Colorado v. Bertine, 479 U.S. 367, 375 (1987). These parameters are designed "to ensure that impoundments and inventory searches are not merely a ruse for general rummaging in order to discover incriminating evidence." Petty, 367 F.3d at 1012 (internal quotation omitted).

Trooper Vance acted according to standard procedures when he decided to impound the SUV he found overturned on the side of the interstate during extreme weather conditions. The North Dakota Highway Patrol Policy Manual provides for the impounding of a vehicle that constitutes a hazard. While this policy vests officers

with some discretion to determine whether a vehicle is a "hazard," the criteria listed in the Policy Manual are sufficiently standardized to comport with the Fourth Amendment's reasonableness requirement. See Petty, 367 F.3d at 1012 (stating that a policy requiring officers to use their judgment to determine whether a driver is "available" or a car is "abandoned" is sufficiently standardized to satisfy the reasonableness requirement of the Fourth Amendment). "So long as the officer's residual judgment is exercised based on legitimate concerns related to the purposes of an impoundment, his decision to impound a particular vehicle does not run afoul of the Constitution." Id.

Trooper Vance encountered the overturned SUV early in the morning following a blizzard. The accident had not been reported to law enforcement and no one was present with the vehicle, nor did anyone ever appear to claim an interest in the SUV. The wreck was forty feet from the roadway. Trooper Vance expressed a legitimate concern that passing motorists would feel compelled to stop and attempt to assist any occupants of the vehicle, a hazardous endeavor considering the continuing poor road conditions. There was no evidence suggesting any motive other than a concern for safety underlying Trooper Vance's decision to impound the SUV. Based on these circumstances, Trooper Vance had a sufficient basis to conclude that the SUV should be impounded.

Having concluded that the decision to impound the SUV passes constitutional muster, we turn to the ensuing search. Law enforcement may search a lawfully impounded vehicle to inventory its contents without obtaining a warrant. See South Dakota v. Opperman, 428 U.S. 364, 376 (1976); United States v. Pappas, 452 F.3d 767, 771 (8th Cir 2006) ("An inventory search by police prior to the impoundment of a vehicle is generally a constitutionally reasonable search."). The reasonableness of an inventory search is determined based upon the totality of the circumstances. United States v. Beal, 430 F.3d 950, 954 (8th Cir. 2005). Those circumstances

include whether the search was conducted according to standardized procedures. Opperman, 428 U.S. at 376.

Trooper Vance's search of the SUV, including opening the duffle bags containing the marijuana, was consistent with North Dakota Highway Patrol policy to "conduct a detailed inspection and inventory of all impounded vehicles." Trooper Vance testified that he was trained to open closed containers during inventory searches and that it is his standard practice to do so. Such oral testimony is sufficient to establish the requisite standardized procedures required to comport with the Fourth Amendment. See United States v. Lowe, 9 F.3d 43, 46 (8th Cir. 1993) (holding that evidence of a written policy is not required and that oral testimony about a standard policy to open closed containers during an inventory search is sufficient to meet the Fourth Amendment's reasonableness requirement). Thus, the search did not run afoul of the Constitution.

Because we conclude the search and seizure of the SUV did not violate the Fourth Amendment, we need not consider the district court's alternative holding that the SUV was abandoned.

III.    Conclusion

For the reasons stated herein, the judgment of the district court is affirmed.

_____