**UNITED STATES of America, Plaintiff,**

v.

**KIM HONG THI LE, Defendant.**

**Kim Hong Thi Le, Petitioner,**

v.

**United States of America, Respondent.**

**Case Nos. 1:05–cr–002, 1:07–cv–093.**

United States District Court, D. North Dakota, Southwestern Division.

June 9, 2008.

See also, 402 F.Supp.2d 1068.

Paul R. Emerson, Scott J. Schneider, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Kim Hong Thi Le, pro se.

## ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO WITHDRAW GUILTY PLEA

DANIEL L. HOVLAND, Chief Judge.

Before the Court is the Defendant's Petition under "28 U.S.C. § 2255 to Withdraw Guilty Plea," filed on November 30, 2007. *See* Docket No. 83. On December 5, 2007, after an initial review of the motion, the Court ordered the Government to file a response. *See* Docket No. 86. On February 12, 2008, the Government filed a response requesting that the Court deny the Defendant's motion. *See* Docket No. 87. For the reasons set forth below, the motion is denied.

## I. *BACKGROUND*

On January 13, 2005, the defendant, Kim Hong Thi Le, was charged with drug trafficking offenses in a two-count indictment. Le subsequently waived prosecution by in-

dictment and was charged by information on January 5, 2006. *See* Docket Nos. 57 and 59. The sole count of the information charged Le with possession of marijuana with intent to distribute. *See* Docket No. 57. On January 4, 2006, Le pled guilty to the count charged in the information. *See* Docket No. 19. Le's plea agreement included a waiver of appeal rights which provided as follows:

> Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). The defendant hereby reserves her right to appeal from the district Court's denial of her Motion to Suppress, and pursuant to Rule 11(a)(2), Fed.R.Crim.P., enters a conditional plea of guilty. Defendant waives her remaining Title 18 U.S.C. 3742(a) rights to appeal the Court's entry of judgment against defendant, further reserving only the right to appeal from an upward departure from the applicable Guideline range. *See* USSG § 1B1.1, comment. (n.1) (defines "departure"). *Defendant waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28 United States Code, Section 2255.* Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in *United States v. His Law,* 85 F.3d 379 (8th Cir.1996). Therefore, defendant understands that any appeal or other post-conviction relief defendant might seek should be summarily dismissed by the Court in which it is filed, except the appeal of the district court's denial of her Motion to Suppress, which may be appealed under Rule 11(a)(2), Fed.R.Crim.P., pursuant to this conditional plea of guilty.

*See* Docket No. 56 (Plea Agreement, ¶ 25).

On May 1, 2006, Le filed a notice of appeal to the Eighth Circuit Court of Appeals. *See* Docket No. 69. On appeal, Le argued that the district court's denial of her motion to suppress was in error. On January 22, 2007, the Eighth Circuit affirmed this Court's denial of the motion to suppress. *See United States v. Kimhong Thi Le,* 474 F.3d 511, 514 (8th Cir.2007).

On November 30, 2007, Le filed the present motion under 28 U.S.C. § 2255. Le raises numerous issues in her petition: (1) she contends that the waiver, contained in her plea agreement, of her right to contest her conviction through a petition under 28 U.S.C. § 2255 was not knowing and voluntary; (2) she contends that there was an insufficient factual basis for her guilty plea; and (3) she contends that her guilty plea was not knowing and voluntary because of ineffective assistance of counsel.

## II. *LEGAL DISCUSSION*

### A. *APPEAL WAIVER*

■ Le's plea agreement contained a waiver of her right to Section 2255 postconviction relief as well as a waiver of all of her appellate rights except her right to appeal the denial of the suppression motion. *See* Docket No. 56 (Plea Agreement, ¶ 25). It is well-established that a defendant is allowed to waive her appellate rights. *See United States v. Aronja–Inda,* 422 F.3d 734, 737 (8th Cir.2005). The general rule of law was extended by the Eighth Circuit in *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000), in which the Court held that defendants may also waive Section 2255 collateral-attack rights. Several factors must be proved by the Government in order to establish the validity and applicability of a waiver in a given case. First, it must be shown that the issue(s) raised by the defendant on appeal or post-conviction relief fall within the scope of the waiver. *See United States v. Andis,* 333 F.3d 886, 889–890 (8th Cir. 2003). Second, it must be shown that the waiver was entered into knowingly and

voluntarily. *Id.* Lastly, it must be shown that enforcement of the waiver would not constitute a miscarriage of justice. *See United States v. Andis,* 333 F.3d 886, 891 (8th Cir.2003). The Government bears the burden on each of these factors.

■ As previously explained, Le's plea agreement contained a waiver of both her right to Section 2255 post-conviction relief and a waiver of appellate rights, except the right to appeal the denial of the suppression motion. *See* Docket No. 56, (Plea Agreement ¶ 25). Le argues that the appeal waiver was not knowing and voluntary and contends that her Section 2255 rights were not discussed and that her understanding of the Section 2255 waiver was not demonstrated.[1]

During the change of plea hearing, the Court questioned Le about the waiver:

Q: Okay. And then let's turn next to paragraph 25. It's found on the bottom of page 8. That talks about your right to appeal, and I want to make sure that you understand what that paragraph means.

First of all, you have clearly reserved your right to appeal my order denying a motion to suppress in this case, and you'll be entitled to appeal that to the Eighth Circuit Court of Appeals, and if they rule in your favor, obviously you would be entitled to withdraw any plea of guilty entered in this case. But what I want to make sure that you understand is the other provisions of paragraph 25, and what they mean for you is that *as long as I sentence you within the advisory sentencing guideline range, whether it's at the low end of the guideline range or the high end of the guideline range, you have given up or waived your right to*

*appeal that sentence to a higher court. Do you understand that?*

A: *Yes, Your Honor.*

Q: *The only circumstance—other than the conditional plea in reserving your right to appeal the suppression issue, the only circumstance where you would continue to have any appellate rights is if I chose to deviate or depart from the recommended sentence guideline range and impose a sentence that's above, an upward departure from the guideline sentence.*

Do you understand that?

A: *Yes.*

Q. So let's just assume for the sake of discussion that it's determined that you fall within this advisory sentencing guideline range of 30–37 months. Whether I sentenced you to 30 or 37 months, you have given up your right to appeal that. Do you understand?

A: Yes, Your Honor.

Q: But if for—but, for example, if I chose to sentence you to five years, which is the statutory maximum for this charge, that would be a determination or a sentence that you would have a right to appeal. Do you understand that?

A: Yes, your Honor.

Q: *Do you have any questions at all as we sit here today about what rights that you are waiving as far as appeals are concerned from the conviction, from the sentence in this case?*

A: *No, I don't.*

*See* Docket No. 82, (Transcript of Change of Plea Proceedings, pp. 18–19) (emphasis added). Le stated that she had been given an opportunity to review the plea agree-

---

1. The Court notes that Le also cites to case law stating that a plea agreement waiver will not be enforced if enforcement would cause a miscarriage of justice, but fails to provide any supporting facts or argument as to why enforcement of Le's appeal waiver in this case would cause a miscarriage of justice.

ment with her attorney and to ask questions about it, and that her questions had been answered to her satisfaction. *Id.* at p. 17. Le also acknowledged that she had read and understood all of the provisions of the plea agreement. *See* Docket No. 56 (Plea Agreement, ¶ 27).

The plea agreement and the defendant's testimony at the change of plea hearing clearly reveal that Le was informed of her waiver of appeal rights and that she understood the rights she had relinquished. By signing the plea agreement, Le acknowledged that her attorney had reviewed and explained the plea agreement to her and that she understood all of its terms, including the appeal waiver provision. In addition, and contrary to Le's argument, the Court specifically discussed the appeal waiver provision of the plea agreement with Le and Le acknowledged that she understood that provision of the agreement. The Court specifically asked Le if she had any questions as to what rights she was waiving on appeal and she responded by stating, "No, I don't." *See* Docket No. 82, (Transcript of Change of Plea Proceedings, p. 19). Based on a careful review of the entire record, the Court finds that Le's appeal waiver was knowing and voluntary.

### B. *FACTUAL BASIS*

■ Le argues that she did not admit to a factual basis regarding an intent to deliver marijuana and, therefore, a withdrawal of the plea is required. Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires the court to determine that there is a factual basis for the plea. A sufficient factual basis exists "when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant

likely committed the offense." *United States v. Brown,* 331 F.3d 591, 594 (8th Cir.2003). In determining if a factual basis exists, the court may consider several sources, including facts "from the prosecutor's summation of the plea agreement and the language of the plea agreement," the colloquy between the court and the defendant at the plea hearing, stipulated facts, and the presentence report. *Id.* at 595; *see United States v. Jones,* 111 F.3d 597, 600–601 (8th Cir.1997) (holding that the stipulation of facts and plea colloquy during which the defendant plead guilty to the counts as set forth in the information provided an adequate factual basis for the district court).

■ The Government contends that there were sufficient facts from which the Court could determine that it was likely that Le committed the crime charged.[2] The Government contends that the record is replete with statements and signed admissions by Le demonstrating her intent to deliver marijuana. The information charged Le with possession with intent to distribute less than 50 kilograms of marijuana and contained the essential elements of the crime. Le clearly admitted that she had read the information, that her attorney had "fully explained the charge" to her, and that she fully understood the nature and elements of the charge. *See* Docket No. 56, (Plea Agreement ¶¶ 2 and 3) and Docket No. 82, (Transcript of Change of Plea Proceedings, p. 17). Further, paragraph 6 of the plea agreement reiterated the allegation in the information—that Le possessed the marijuana and that she possessed the marijuana with the intent to distribute it—which Le admitted was accurate. *See* Docket No. 56, (Plea Agreement ¶ 6) and Docket No. 82, (Tran-

---

**2.** The Government does not argue that the Defendant waived the right to challenge the sufficiency of the factual basis. Therefore, the Court will not address the applicability of the waiver to the Defendant's factual basis challenge.

script of Change of Plea Proceedings, pp. 20–21, 23). The following testimony of Le at the change of plea hearing clearly reveals her acknowledgment that there was a sufficient factual basis of the plea:

Q: Okay. Then let's turn to paragraph 6 of the plea agreement. That's found on page 2, and that is a provision in the plea agreement—do you have that in front of you ma'am?

A: Yes.

Q: That's a provision in the plea agreement that attempts to outline and summarize the underlying facts in this case. And these are facts that you have acknowledged are true, and these are facts that if they were presented to a jury at a trial in North Dakota would establish that there is a factual basis for a finding of guilt on the charge of possession with intent to distribute a controlled substance. My question to you is have you read through paragraph 6?

A: Yes, I have.

Q: And are the facts and the information that's contained in that paragraph accurate facts?

A: Yes.

\* \* \*

Q: Ms. Le, did you know that the four duffel bags in the Mitsubishi that you were traveling in from Seattle to the Minneapolis area contained marijuana?

A: Yes, Your Honor.

\* \* \*

THE COURT: And, Mr. Kannin, are you satisfied that there is an adequate factual basis for a plea to the charge set forth in the Information?

MR. KANNIN: Yes, Your Honor.

Q: (THE COURT CONTINUING) So the Court does so find. Ms. Le, I'm going to read you the charge set forth in the Information. Then I'll ask how you plead to that charge, and it's clearly—it's an understanding that this is a conditional plea as you have agreed to in the plea agreement, but the Information is entitled "Possession with Intent to Distribute a Controlled Substance," and it reads as follow. (sic)

"On or about February 10th, 2004, in the District of North Dakota, Kimhong Thi Le knowingly and intentionally possessed with intent to distribute less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D)." To that charge, ma'am, how do you plea, guilty or not guilty?

A: Guilty.

Q: The Court does accept your plea of guilty to that charge, Ms. Le. I find that you are competent and capable of entering a conditional plea, that you've done so knowingly in this case and voluntarily and with a full understanding of the consequences, and with the adequate advice and assistance of your attorney, Mr. Kannin. And the Court also finds that there is an adequate factual basis required under Rule 11 of the Federal Rules of Criminal Procedure.

Docket No. 82, (Transcript of Change of Plea Proceedings, pp. 19–20, 23, and 26–27).

The Court may also look to other factors that may lead to a conclusion that the drugs were meant for distribution, including the quantity of drugs and packaging material. *United States v. Lopez,* 42 F.3d 463, 467 (8th Cir.1994). The Eighth Circuit Court of Appeals has stated that intent to distribute may be inferred solely from the possession of large quantities of narcotics. *See United States v. Oleson,* 310 F.3d 1085, 1089 (8th Cir.2002) (finding that possession of 20 pounds of marijuana

was a sufficient amount to find intent to deliver). In paragraph 13 of the plea agreement, Le agreed that the base offense level was 22 because at least 60 kilograms of marijuana were involved in the transaction, and the record reflects that 216 pounds of marijuana were packaged in sealed bags. Additionally, Le admitted that she was traveling from Seattle to Minneapolis/St. Paul, Minnesota hauling a large amount of marijuana. *See* Docket No. 82, (Transcript of Change of Plea Proceedings, pp. 21–22).

Considering the quantity of marijuana in combination with the stipulated facts and the plea colloquy, the Court finds that the record is more than sufficient to establish a factual basis for Le's guilty plea. In other words, the Court finds that there were sufficient facts from which the Court could determine that it was likely that Le committed the crime charged, and that she possessed less than 50 kilograms of marijuana with the intent to distribute.

## C. *INEFFECTIVE ASSISTANCE OF COUNSEL*

■ The Government concedes that Le's claims of ineffective assistance of counsel are not precluded by the appeal waiver. The Eighth Circuit has held that "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *DeRoo v. United States,* 223 F.3d 919, 924 (8th Cir.2000). An explicit waiver of the Sixth Amendment right to counsel, which explains the concept of ineffective assistance of counsel and the basic ramifications of waiving a claim that ineffectiveness influenced the signing of the plea agreement, would suffice. *See Chesney v. United States,* 367 F.3d 1055, 1059 (8th Cir.2004). The appeal waiver at issue in

this case contains no specific Sixth Amendment language regarding ineffective assistance of counsel. As such, the Court finds that Le's claim of ineffective assistance of counsel is not precluded by the waiver of post-conviction rights contained in the plea agreement.

To show that counsel provided ineffective assistance with respect to a guilty plea, Le must show deficient performance and prejudice. *United States v. Storey,* 990 F.2d 1094, 1097 (8th Cir.1993). This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. To show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and insisted on going to trial." *Storey,* 990 F.2d at 1097.

Le posits two arguments to support her claim of ineffective assistance of counsel. First, Le argues that there was no factual basis for the guilty plea regarding her intent to deliver marijuana, and that her counsel was ineffective for failing to object to the lack of a factual basis for the plea. The Court has held that there was a sufficient factual basis upon which the Court could determine that it was likely that Le committed the crime charged. As such, there is no merit to Le's claim of ineffective assistance of counsel for failing to object to a lack of a factual basis for the plea.

Le's second argument is that her attorney manipulated her into making false statements in an affidavit in support of the motion to suppress, in the plea agreement,

and at the change of plea hearing. The Eighth Circuit Court of Appeals has held that, while a guilty plea is not invulnerable to a collateral attack in a post-conviction proceeding, the defendant's representations during the plea hearing carry a "strong presumption of verity" and "pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir.1997). In *Nguyen*, the defendant stated during the change of plea hearing that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty. The Eighth Circuit stated that the defendant had a "heavy burden to overcome those admissions and show that his plea was involuntary." *Id.*

Le now attests in an affidavit that she admitted to possession of the marijuana because her defense counsel believed that the search of the bags was illegal and that counsel instructed her to make these alleged false statements in order to establish an expectation of privacy in the duffel bags containing the marijuana. *See* Docket No. 85 (Affidavit of Le). Le claims that her attorney informed her that she had a 50% chance of succeeding on a motion to suppress but only a 1% chance of winning at trial. Le also contends that her attorney made her sign the affidavit in support of the motion to suppress in which she admitted that the duffel bags were hers and that she maintained control of the keys to the vehicle. Le now claims that all of these statements were false and that the duffel bags belonged to co-defendant Diane Duong, that Duong had the keys, and that Le only discovered that the duffel bags contained marijuana when they were in Montana.

The overwhelming evidence in the record contradicts Le's claim that she was manipulated by her attorney into signing a false affidavit or that the factual information she attested to in the affidavit was false.[3] Le's attorney did prepare an affidavit which he sent to Le for her review. *See* Docket No. 87–2. On August 19, 2005, a letter from defense counsel stated "[i]f the proposed affidavit is not accurate please let me know so that I can correct it before you sign." *Id.* Another letter from defense counsel dated August 19, 2005, was to confirm that Le had admitted that the duffel bags containing the marijuana were hers and instructed Le that "[i]n the event this does not accurately represent your understanding of what we discussed please let me know as soon as possible." *See* Docket No. 87–3.

Despite these admonitions from her attorney to sign the affidavit only if it was accurate, Le signed the affidavit on August 23, 2005, in which she admitted to possessing the marijuana. *See* Docket No. 87–4. Le's attorney also filed an affidavit in support of the motion to suppress which indicated that Le had admitted that the duffel bags containing the marijuana were hers. *See* Docket No. 87–5. Further, Le admitted in the plea agreement to possession of the duffel bags containing marijuana and at the change of plea hearing she acknowledged that the information that provided a factual basis for the plea as set forth in the plea agreement was accurate. *See* Docket No. 56, (Plea Agreement ¶ 6) and Docket No. 82, (Transcript of Change of Plea Proceedings, pp. 19–20).

Le also contends that her attorney manipulated her into admitting possession of the marijuana. Le claims that she provided inaccurate answers to the Court's questions at the change of plea hearing simply

---

**3.** By calling counsel's representation into question and claiming ineffective assistance of counsel, Le has waived the attorney-client privilege. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974).

because she "agreed to what the court was asking [her]" and that she only wanted to get it over with and that she did not know what she had written for the Court. *See* Docket No. 85 (Affidavit of Le, p. 2).

 The Court finds that the record does not support a finding that Le's attorney manipulated her into making false statements in an affidavit, in the plea agreement, or at the change of plea hearing. Le's attorney prepared an affidavit based upon Le's representations to him. She signed the affidavit without modification even though her attorney specifically informed her to bring any inaccuracies in the affidavit to his attention. Le voluntarily signed the plea agreement, and paragraphs 2 and 3 of the agreement state that Le had read the charge in the information, that her attorney had "fully explained the charge" to her, and that she fully understood the nature of the charge and the elements. In paragraph 6 of the plea agreement, Le specifically acknowledged that she possessed the marijuana found in the vehicle and that she possessed it with the intent to deliver less than 50 kilograms. Further, paragraph 27 of the plea agreement states that Le had read and understood all of the provisions of the agreement. *See* Docket No. 56. The Court finds that this evidence directly contradicts Le's claim that she was manipulated into making the alleged false statements.

 At Le's change of plea hearing, she acknowledged under oath that she had read the entire plea agreement, reviewed it with her attorney, had the opportunity to ask questions of her attorney about the plea agreement, and that her attorney had answered her questions. *See* Docket No. 82, (Transcript of Change of Plea Proceedings, p. 17). While still under oath, Le acknowledged that the facts contained in paragraph 6 of the plea agreement were true and accurate. *Id.* at 19–20.

Further, it appears from the record that Le was not satisfied with the original plea offer proposed by the Government. In a December 12, 2005, letter from her attorney, Le's attorney informed the Government that Le was not satisfied with the terms of the plea offer and that she rejected the offer. *See* Docket No. 87–6. The Government then extended a second offer to resolve the case which was accepted by Le. *See* Docket Nos. 87–7 and 87–8. Le's rejection of one plea offer as unsatisfactory and acceptance of a subsequent plea offer indicate that Le was fully aware of the contents of the plea agreement, including the fact that she possessed marijuana with the intent to distribute, and further corroborates her admission that paragraph 6 of the plea agreement was accurate.

After Le had rejected the Government's first plea offer and the Government had extended a second offer, Le's attorney informed her of the evidence he believed would overcome her defense of denial and, based on that evidence, recommended that she plead guilty. *See* Docket No. 87–9. Le's attorney then summarized the new offer to Le and explained that he was preparing for trial and that he would represent her at trial if that were her choice. After Le had contacted her attorney and informed him to take the plea, he sent a letter confirming her decision and that they should meet to discuss the new plea once a formal written offer was received. *See* Docket No. 87–10. This correspondence further supports the conclusion that Le was fully aware of and agreed to the terms and conditions of the plea agreement, including a factual basis for the plea. Further, the correspondence contradicts Le's after-the-fact allegations that the statements she had made concerning possession of marijuana were false and that her attorney had manipulated her into making false statements.

The Court expressly finds that Le has not met her burden of showing that her attorney was ineffective, let alone that she was prejudiced by such alleged ineffectiveness. The overwhelming evidence reveals that Le was fully aware of the contents of the plea agreement, including her admission that she possessed less than 50 kilograms of marijuana with the intent to distribute. The record also reveals that Le's attorney provided Le with numerous opportunities to correct any inaccuracies in the affidavit and to pursue a trial on the merits if she so chose. Le's assertion that she was only agreeing with the Court at the change of plea hearing to "get the matter over" is devoid of merit. Finally, Le's failure to complain of defense counsel's performance at her change of plea hearing, despite the fact she would have been aware of counsel's alleged manipulation at this time, directly contradicts and refutes her claim of ineffective assistance of counsel. *See United States v. Newson,* 46 F.3d 730, 733 (8th Cir.1995) (stating that the defendant's failure to assert any objections to his counsel's performance at the change of plea hearing, despite his knowledge of the factors the defendant now finds relevant, refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea). As a result, Le is unable to prove either element required to prevail on an ineffective assistance of counsel claim.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant's Motion under 28 U.S.C. § 2255 to Withdraw Guilty Plea. (Docket No. 34).

**IT IS SO ORDERED.**