# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1998

_____

Robert S. Philpott

*Plaintiff - Appellant*

v.

Lt. Weaver, Van Buren Police Department (VBPD); Lt. Brent Grill, VBPD; Detective Dickerson, VBPD; Detective Eversole, VBPD; Kenneth Bell, Chief of Police, also known as Van Buren Police Department; Officer Riggs, also known as Rigsby; John 1-3 Does, Officers

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: December 4, 2012
Filed: December 5, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Philpott appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed violations of his Fourth Amendment rights based on his warrantless arrest and the search and seizure of his vehicle, and claimed defamation and other state-law violations. Upon careful de novo review, *see Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010), we conclude that the district court properly granted summary judgment on Philpott's Fourth Amendment claims, *see Brodnicki v. City of Omaha*, 75 F.3d 1261, 1264-66 (8th Cir. 1996) (discussing probable-cause standard for warrantless arrest); *see also United States v. Kimhong Thi Le*, 474 F.3d 511, 514-15 (8th Cir. 2007) (discussing constitutional standards for impoundment of vehicle, and inventory search of vehicle, without warrant). Furthermore, we agree that Philpott's defamation claim failed as a matter of law to state a claim under section 1983, *see Paul v. Davis*, 424 U.S. 693, 710-12 (1976) (injury to reputation alone cannot support claim for deprivation of liberty interest without accompanying alteration of legal status or right), and we conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Philpott's state-law claims, *see* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over claim if it has dismissed all claims over which it had original jurisdiction); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (standard of review).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

—————————————————

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.