# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1491

_____

United States of America

*Plaintiff - Appellee*

v.

Frolly Maurice Ball

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: September 25, 2015
Filed: October 29, 2015

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Frolly Maurice Ball was arrested after the car in which he was a passenger was stopped by the Illinois state police. An inventory search of the car revealed approximately 1 kilogram of cocaine inside the air filter box in the engine

compartment. The district court[1] denied Ball's motion to suppress the evidence from the search. Ball entered a conditional guilty plea to one count of conspiracy to distribute heroin, cocaine, and crack cocaine, reserving his right to appeal the denial of his suppression motion. Ball now appeals that denial as well as his sentence. We affirm.

I.

On November 12, 2010 Officer Chad Martinez of the Illinois state police stopped a vehicle heading west on Interstate 80 after it made a sudden change of lanes while passing his location. Officer Martinez became suspicious when he approached the car and saw multiple air fresheners hanging from the rearview mirror, several cell phones, and numerous fast food wrappers. He also observed that the driver of the car, Darrick Johnson, was visibly nervous when responding to questions. The car was registered to an Iowa woman, apparently Ball's girlfriend. Ball himself was seated in the passenger seat.

After Officer Martinez checked Johnson's driver's license and determined that it was suspended and that Ball did not have a license to show, he told them that he would have to impound the car because neither had a valid license. Martinez then conducted an inventory search of the car as required by department policy for all towed vehicles. The policy restricts such searches "to those areas where an owner or operator would ordinarily place or store property or equipment," including the "[t]runk and engine compartments." When Martinez opened the hood of the car, he noticed fresh fingerprints on the air filter box. He opened the cover of the box and discovered two packages of cocaine. Martinez then arrested both men.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

A grand jury indicted Ball on one count of conspiracy to distribute 1,000 grams or more of heroin, 500 grams or more of cocaine, and a detectable quantity of crack cocaine, 21 U.S.C. §§ 841(a), 841(b), 846. Ball moved to suppress the drugs found in the air filter box and his subsequent statements to the police, contending that the inventory search was only a pretext for an investigation. He further argued that opening the air filter box was beyond the scope of a permissible inventory search. The district court denied the motion, concluding that the search was a valid inventory search and fit the automobile exception to the Fourth Amendment warrant requirement. The court reasoned alternatively that the government would have inevitably discovered the drugs based on a separate investigation conducted by DEA agents who were monitoring Ball on a wiretap. Ball entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress. The district court sentenced Ball to 235 months imprisonment and 5 years supervised release. Ball now appeals the denial of his suppression motion and his sentence.

II.

Ball argues that the district court erred by denying his motion to suppress because Officer Martinez's warrantless search of the car violated the Fourth Amendment.[2] The government responds that Officer Martinez conducted a constitutionally permissible inventory search. "We will uphold the district court's denial of a motion to suppress unless it rests on clearly erroneous findings of fact or reflects an erroneous view of the applicable law." United States v. Rogers, 150 F.3d 851, 855 (8th Cir. 1998).

---

[2] We assume without deciding that Ball had a sufficient expectation of privacy in the borrowed car to assert a Fourth Amendment claim regarding the search. See United States v. Rose, 731 F.2d 1337, 1343 (8th Cir. 1984). Ball does not challenge the initial stop of the car.

Law enforcement officers may conduct a warrantless search when taking custody of a vehicle to inventory the vehicle's contents "in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from potential danger." United States v. Hartje, 251 F.3d 771, 775 (8th Cir. 2001). Officers "may not raise the inventory-search banner in an after-the-fact attempt to justify what was . . . purely and simply a search for incriminating evidence," but they are permitted to "keep their eyes open for potentially incriminating items that they might discover in the course of an inventory search, as long as their sole purpose is not to investigate a crime." United States v. Beal, 430 F.3d 950, 954 (8th Cir. 2005). An inventory search "must be reasonable in light of the totality of the circumstances." Id.

Ball concedes that the police were permitted to perform an inventory search, but he argues that the method by which Officer Martinez conducted the search did not follow policy and that he made an investigatory search under the pretext of taking inventory. The district court found that Martinez complied with departmental policy in conducting the search, but Ball argues that opening the air filter box was beyond the scope of an inventory search which is restricted by the policy to "areas where an owner or operator would ordinarily place or store property or equipment." The state police policy explicitly states, however, that one vehicle area that should be searched is the engine compartment, and we have previously held that as part of an inventory search it is reasonable to search the engine compartment. United States v. Pappas, 452 F.3d 767, 772 (8th Cir. 2006). Officer Martinez's testimony also supports a finding that it was standard department procedure for searching an engine compartment to open the air filter box. Martinez testified that he had conducted over a thousand inventory searches of vehicles, that he always searches the engine compartment, and that at least 90% of the time he also checks the air filter box for property where he has previously found narcotics and currency. Opening the cover of the air filter box in Ball's vehicle required him to unsnap two small tabs, but not to remove any screws or panels. The record testimony was sufficient to establish that

-4-

opening the air filter box was standard procedure for an inventory search by the Illinois state police. See United States v. Le, 474 F.3d 511, 515 (8th Cir. 2007). The district court therefore did not clearly err in finding that the search was made according to policy and thereby satisfied the reasonableness requirement of the Fourth Amendment. See id.

Nothing in the record supports Ball's contention that the inventory search conducted by Officer Martinez was pretextual. In fact Ball "does not dispute that an inventory search was required." We see no evidence that Officer Martinez acted in bad faith, see United States v. Hall, 497 F.3d 846, 852–53 (8th Cir. 2007), and conclude that the search of the car did not violate the Fourth Amendment. We therefore affirm the district court's denial of Ball's motion to suppress the cocaine and his post arrest statements to the police.

III.

Ball argues that the district court erred by applying a four level sentencing enhancement after finding that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). When analyzing a sentence for procedural error, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error. United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014).

Ball first claims that he lacked notice that the district court was considering the § 3B1.1(a) enhancement when calculating his guideline range. Ball had actual notice that § 3B1.1(a) might be applied in his case, however, because the presentence report—to which he objected—proposed its application and stated the rule's text. Ball also contends that the record does not support the application of the enhancement. The district court found that Ball was an organizer or leader of a criminal activity and that such activity involved five or more participants or was

otherwise extensive. Three witnesses at the sentencing hearing testified to selling heroin for Ball and described how he set prices, gave directions to his sellers, and was "in charge." It was therefore not clear error to find that Ball exercised decision making authority as an "organizer or leader," terms we have broadly defined. See United States v. Irlmeier, 750 F.3d 759, 763–64 (8th Cir. 2014). Ball's criminal activity also involved five or more participants. In addition to the three mentioned sellers, two witnesses identified a fourth man who sold heroin for Ball and one of the sellers testified that he had witnessed Ball purchase heroin from suppliers in Chicago and Detroit. The district court did not clearly err in finding that the government had proved the elements of the § 3B1.1(a) enhancement.

IV.

For these reasons we affirm Ball's conviction and sentence.

_____