# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2109

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Benson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 7, 2014
Filed: February 13, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Aaron Benson pleaded guilty to a drug offense. In accordance with his written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the district court[1] sentenced him

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to 140 months in prison and four years of supervised release.  On appeal, counsel for Benson seeks to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Benson's plea was involuntary and that he received ineffective assistance of counsel.  Benson has filed a supplemental brief, in which he also challenges the validity of his plea, and argues that the Guidelines calculation was incorrect, and that he received ineffective assistance of counsel.

We will dismiss this appeal.  The written plea agreement contains an appeal waiver, and we conclude that the waiver should be enforced.  <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver).  Contrary to the assertions made in the appellate briefs, Benson's sworn plea-hearing testimony reflects that he entered into the plea agreement knowingly and voluntarily, and understood and agreed to the terms of the appeal waiver.  <u>See</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing are entitled to strong presumption of verity).  Benson received the sentence to which he stipulated in the plea agreement, and we conclude that no miscarriage of justice would result from enforcing the appeal waiver.

Although Benson's ineffective-assistance claims fall outside the scope of the waiver, we defer them to 28 U.S.C. § 2255 proceedings.  <u>See</u> <u>United States v. Looking Cloud</u>, 419 F.3d 781, 788-89 (8th Cir. 2005).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 90 (1988), we find no non-frivolous issues outside the scope of the waiver.  Accordingly, we affirm the judgment of the district court, and grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____