# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1004

_____

United States of America,      *
    *
      Appellee,     *    Appeal from the United States
    *    District Court for the
    v.     *    Northern District of Iowa.
    *
Glenn Frederick Smith,     *    **[UNPUBLISHED]**
    *
      Appellant.     *

_____

Submitted: November 7, 2001
Filed: November 21, 2001

_____

Before LOKEN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Glenn Frederick Smith pleaded guilty to conspiring to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), (b)(1)(D), and 846. The district court[1] sentenced him to 324 months in prison and five years supervised release. On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a brief, and Smith has moved for appointment of new counsel. These pleadings argue that the district court should have imposed a lower sentence because Smith

_____

[1]The HONORABLE MARK W. BENNETT, Chief Judge, United States District Court for the Northern District of Iowa.

understood he would receive a ten-year sentence, the district court erred in assessing firearm and role enhancements, the government failed to prove drug quantity, the district court failed to consider U.S.S.G. § 5G1.3(c) in sentencing, and Smith did not understand what was happening at sentencing. Smith also asserts that his counsel was ineffective. We affirm.

Smith's sentencing arguments fail because (1) he stipulated to a base offense level of 36 and acknowledged under oath at the plea hearing that he could receive a sentence ranging from ten years to life in prison and was waiving his right to a jury trial, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995); (2) he did not receive a firearm enhancement; (3) he waived his objection to the role enhancement by not requesting a ruling at sentencing, see United States v. Hester, 140 F.3d 753, 762 (8th Cir. 1998); (4) section 5G1.3(c) did not apply because Smith was not subject to an undischarged prison term; and (5) at sentencing, Smith informed the district court that he wanted to proceed with sentencing, had reviewed the presentence report with counsel, and understood the stipulations he was making, cf. Nguyen, 114 F.3d at 709. Smith's ineffective-assistance claims are more appropriately presented in a 28 U.S.C. § 2255 proceeding. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

We have conducted an independent review under Penson v. Ohio, 488 U.S. 75 (1988), and conclude there are no other nonfrivolous issues. Accordingly, we affirm, grant counsel's motion to withdraw, and deny Smith's motion for new counsel.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-