# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1007

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Refugio Torres-Ramos, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 4, 2002
Filed: April 9, 2002

_____

Before MURPHY, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Refugio Torres-Ramos appeals his conviction and the sentence imposed by the district court[1] upon his guilty plea to conspiring to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has moved to withdraw and filed a brief stating Torres-Ramos seeks to withdraw his guilty plea.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

At the July 2001 change-of-plea hearing, Torres-Ramos entered a plea under North Carolina v. Alford, 400 U.S. 25 (1970). In August 2001, he moved to withdraw his plea (setting forth his reasons in an attached letter). In October 2001, however, he moved to dismiss his guilty-plea-withdrawal motion and to reschedule sentencing (indicating in an attached letter that he did not wish to forfeit a potential acceptance-of-responsibility reduction); the court granted this motion. In November 2001, the court sentenced Torres-Ramos, without objection, to 135 months imprisonment and 5 years supervised release.

Assuming arguendo that Torres-Ramos has not relinquished his plea-invalidity claim, see United States v. Olano, 507 U.S. 725, 733 (1993) (claim relinquished below need not be addressed on appeal), we conclude that the district court did not abuse its discretion in dismissing his plea-withdrawal motion, see United States v. Bahena, 223 F.3d 797, 807 (8th Cir. 2000) (standard of review), cert. denied, 531 U.S. 1181 (2001). Torres-Ramos's second letter indicated his desire to persist in his guilty plea, receive an acceptance-of-responsibility reduction, and be sentenced. Moreover, in his plea colloquy, he affirmed that his plea was voluntary, that he was satisfied with counsel's advice, and that if the government presented its evidence a jury would likely find him guilty as charged. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity); cf. Bahena, 223 F.3d at 806-07 (defendant's plea-withdrawal motion was rebutted by defendant's declaration under oath at change-of-plea hearing that he understood proceedings, was satisfied with his lawyer, and had committed crimes charged; plea was knowing, voluntary, and intelligent, and defendant did not show any fair and just reason for withdrawing it).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.