# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2525

_____

United States of America,        *
                                   *

        Appellee,        *   Appeal from the United States
                                  *   District Court for the
    v.                     *   District of Nebraska.
                                  *

Terrell E. Newman,        *   [UNPUBLISHED]
                                  *

        Appellant.        *

_____

Submitted:  January 7, 2003
Filed:  January 15, 2003

_____

Before BOWMAN, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Terrell Newman pleaded guilty to distributing 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and to forfeiture of drug proceeds, under 21 U.S.C. § 853.  The district court[1] sentenced Newman to 120 months imprisonment and 4 years supervised release.  On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 368 U.S. 738 (1967), arguing that the government had orally agreed Newman's

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

criminal history would be Category IV and he would receive a 100-month prison sentence, and that the district court erred in not granting a downward departure. We affirm.

Newman's first argument is belied by the record. He did not object to the facts underlying his Category V criminal history as determined in the presentence report. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all unobjected-to factual statements in PSR). The written plea agreement made no reference to an agreed-upon criminal history category, and clearly stated that no agreements had been entered into other than those set forth in the document and that none would be entered into except by written agreement of the parties. See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (plea agreement is governed by ordinary contract principles). Further, at the plea hearing Newman affirmed that the written plea agreement set out all the terms, conditions, and promises he had made with the government. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

As for the second point, at sentencing the district court heard argument on Newman's downward-departure motion, reviewed the applicable facts set out in the presentence report, and declined to depart. Given that the district court was aware of its authority to depart, its discretionary refusal to do so is unreviewable. See United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no other nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.