# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2381

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Darryl Jerome Glover, | * | District of Minnesota. |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 4, 2003
Filed: June 13, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Darryl Jerome Glover challenges his conviction and the sentence imposed by the district court[1] after he pleaded guilty to assaulting a prison guard using a dangerous weapon, namely a broom, and inflicting bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b). Glover was sentenced to 57 months imprisonment to run consecutively to an undischarged prison sentence, and to a concurrent 3-year supervised release term. On appeal, Glover asserts that counsel was ineffective for not objecting to the presentence report, for not advocating effectively for Glover at

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

sentencing, and for failing to reach a plea agreement with the government; that he should have received a 3-level decrease for acceptance of responsibility; that the broom was not a dangerous weapon; that his sentence should have run concurrently with his undischarged term; and that his plea was not voluntary. We reject these arguments.

First, Glover's ineffective-assistance claims should be raised in a 28 U.S.C. § 2255 motion, where a full record can be developed regarding counsel's performance. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000). We note that contrary to Glover's assertions, the record shows that defense counsel did raise Glover's concerns regarding being on medication, did object to the presentence report, and did attempt to negotiate a plea agreement with the government. Second, plea negotiations reached an impasse and Glover did not plead guilty until the scheduled trial date, and thus we conclude the district court did not err in denying a 3-level decrease under U.S.S.G. § 3E1.1(b)(2). See United States v. Chatman, 119 F.3d 1335, 1342 (8th Cir.) (affirming district court's denial of 3-level decrease because, despite ongoing plea negotiations and defendant's stated intention prior to trial to plead guilty, defendant did not in fact plead guilty until trial date and government had essentially completed its preparations for trial), cert. denied, 522 U.S. 976 (1997). Third, the record shows that Glover swung the broom with sufficient force to cause the prison guard bleeding and bruising to his head and body requiring medical attention, and thus was a "dangerous weapon." See U.S.S.G. § 2A2.2, comment. (n.1) (dangerous weapon "includes any instrument that is not ordinarily used as a weapon (e.g., a car, a chair, or an ice pick) if such an instrument is involved in the offense with the intent to commit bodily injury"); § 1B1.1, comment. (n.1(b)) ("bodily injury" means any significant injury, e.g., injury that is painful and obvious or is of type for which medical attention ordinarily would be sought). Fourth, the Guidelines require that Glover's offense be served consecutively to his undischarged prison sentence. See U.S.S.G. § 5G1.3(a) (if instant offense was committed while defendant was serving prison term, sentence for instant offense

"shall be imposed to run consecutively" to undischarged term); <u>United States v. Melgar-Galvez</u>, 161 F.3d 1122, 1123 n.2 (7th Cir. 1998) (§ 5G1.3(a) applies to person who assaults prison guard while serving prison term). Fifth, we conclude Glover's plea was knowing and voluntary. The record shows that Glover was found to be competent when using medication, Glover does not appear to dispute his competence, and Glover was questioned extensively about his awareness and understanding of the change-of-plea proceeding. Glover also affirmed at the plea hearing that his decision to plead guilty was not affected by defense counsel's representation, he stated that he hit the prison guard with the broom, and he described the attack. <u>See</u> <u>United States v. Bahena</u>, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood proceeding, was satisfied with his attorney, and had committed crimes charged), <u>cert. denied</u>, 531 U.S. 1181 (2001); <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-