# United States Court of Appeals
## For the Eighth Circuit

—————————————

No. 12-2459

—————————————

United States of America

*Plaintiff - Appellee*

v.

Adrian U. Barrett

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

—————————

Submitted: January 18, 2013
Filed: January 18, 2013
[Unpublished]

—————————

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

—————————

PER CURIAM.

Adrian Barrett directly appeals after he pled guilty to a drug charge and the district court[1] sentenced him to the statutory-minimum prison term. His counsel has

---

[1]The Honorable Fernando J. Gaitan Jr., Chief Judge, United States District Court for the Western District of Missouri.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and requests leave to withdraw. In the *Anders* brief, counsel raises the following issues: (1) whether the district court erred in accepting Barrett's guilty plea, because it was "not voluntarily made" due to Barrett's lack of understanding, and (2) whether Barrett received ineffective assistance of counsel. Regarding the first issue, counsel notes that Barrett indicated at his sentencing hearing that he believed his plea was not valid.

Upon careful review, this court concludes that the district court did nothing improper in accepting Barrett's guilty plea. *See* Fed. R. Crim. P. 11(b) (setting forth steps that must be taken by district court before accepting guilty plea). In addition, to the extent Barrett's appeal may be construed as asserting that he should have been permitted to withdraw his guilty plea at the sentencing hearing, this court again concludes that the district court did nothing improper. *Cf. United States v. Osei*, 679 F.3d 742, 746-47 (8th Cir. 2012) (concluding that denial of motion to withdraw guilty plea was not an abuse of discretion in light of statements made by defendant during his change-of-plea hearing); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing are entitled to strong presumption of verity).

This court declines to address Barrett's ineffective-assistance claim on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues. Counsel's motion to withdraw is granted and the judgment of the district court is affirmed.

_____