# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3290

_____

United States of America

*Plaintiff - Appellee*

v.

Todd Tingelhoff

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 21, 2014
Filed: March 20, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Todd Tingelhoff directly appeals the within-Guidelines-range sentence imposed by the district court[1] after he pleaded guilty to a drug offense. On appeal,

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

counsel for Tingelhoff seeks to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), noting that Tingelhoff entered into a written plea agreement containing an appeal waiver and arguing that the sentence is substantively unreasonable.

After careful de novo review, we conclude that the appeal waiver is valid and should be enforced. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). The appeal waiver contained in the written plea agreement stated that Tingelhoff waived any and all rights to appeal his conviction and sentence, he made statements under oath at his plea hearing verifying that he had entered into the plea agreement and the appeal waiver knowingly and voluntarily, and we conclude that no miscarriage of justice would result from enforcing the appeal waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; miscarriage-of-justice exception is narrow); <u>see also</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Therefore, we grant counsel's motion to withdraw, subject to his informing Tingelhoff about procedures for seeking rehearing or filing a petition for certiorari, and we dismiss the appeal.

_____