# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3013
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Dale Wiederholt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 23, 2014
Filed: April 28, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jeffrey Wiederholt appeals the sentence that the district court[1] imposed on him following his guilty plea to child-pornography offenses.  On appeal, counsel for

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Wiederholt seeks leave to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), he argues that the sentence is unreasonable.

The written plea agreement in this case contains an appeal waiver, which we will enforce. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). After careful review of the plea transcript in this case, we are satisfied that Wiederholt entered into both the plea agreement and the appeal waiver knowingly and voluntarily, as demonstrated by his sworn responses to the district court's questions during the guilty-plea hearing. <u>See</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). The waiver covers the argument raised in this appeal, and we conclude that no miscarriage of justice would result from enforcing the appeal waiver in these circumstances. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

Further, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the waiver. Accordingly, this appeal is dismissed, and we grant counsel leave to withdraw.

_____