# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3611
_____

United States of America

*Plaintiff - Appellee*

v.

Raymond Doyle Smotherman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: July 7, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Raymond Smotherman appeals the sentence imposed by the district court[1] after
he entered into a binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the
Western District of Missouri.

agreement containing an appeal waiver, and pled guilty to drug and gun charges. Pursuant to the plea agreement, the district court sentenced Smotherman to the statutory minimum term of imprisonment. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the appeal waiver is enforceable and that the district court lacked authority to sentence Smotherman below the statutory minimum, but also raising issues related to the reasonableness of Smotherman's sentence. In addition, counsel seeks leave to withdraw.

After careful de novo review, we enforce the appeal waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); <u>see also</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). We are satisfied that Smotherman entered into both the plea agreement and the appeal waiver knowingly and voluntarily, as demonstrated by his sworn statements during the change-of-plea hearing. <u>See</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). We also conclude that the issues raised in this appeal fall within the scope of the appeal waiver, and that no miscarriage of justice would result from enforcing the waiver. Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the waiver. Accordingly, this appeal is dismissed, and we grant counsel leave to withdraw, subject to counsel informing Smotherman about procedures for seeking rehearing or filing a petition for certiorari.

_____