# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2972
_____

United States of America

*Plaintiff - Appellee*

v.

Larry Johnson Thornton, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: July 31, 2014
Filed: August 7, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Larry Johnson Thornton, II directly appeals the sentence imposed by the district court[1] after he pled guilty to distributing marijuana and possessing a firearm during

_____

[1] The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

a drug-trafficking offense, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and 18 U.S.C. § 924(c)(1)(A)(i). In the plea agreement, Thornton "waive[d] the right to directly appeal the conviction and sentence," unless his sentence exceeded the statutory maximum. His counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Thornton's sentence was excessive. The government has moved to dismiss the appeal based on the appeal waiver.

After careful review, this court holds the appeal waiver is valid and shall be enforced. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal-waiver rule). Thornton's appeal falls within the scope of the waiver. The record shows that Thornton knowingly and voluntarily entered into the plea agreement and appeal waiver, as the court discussed both with Thornton during the plea hearing. Thornton stated that he reviewed the agreement with counsel and understood the agreement and waiver. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing carry strong presumption of verity). Enforcing the waiver would not result in a miscarriage of justice. *See Andis*, 333 F.3d at 891-92 (sentence within statutory range is not miscarriage of justice, and allegation that sentencing court misapplied Guidelines or abused its sentencing discretion is not subject to appeal in face of valid appeal waiver); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii); 21 U.S.C. § 841(b)(1)(D).

An independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's motion to withdraw is granted, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____