# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1744
_____

United States of America,

*Plaintiff - Appellee*,

v.

Earl Russell St. Claire, Jr., also known as Junior,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: September 24, 2014
Filed: October 6, 2014
[Unpublished]
_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Earl St. Claire directly appeals after he pled guilty to an attempted-escape charge pursuant to a written plea agreement containing an appeal waiver, and was

sentenced by the district court[1] in accordance with the plea agreement. His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court committed procedural error and that St. Claire's plea was not voluntary because he did not voluntarily enter into the plea agreement. In addition, counsel seeks leave to withdraw.

After careful de novo review, we enforce the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers); *see also United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). We note that St. Claire's own statements at his change-of-plea hearing established that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements at plea hearing carry strong presumption of verity). Further, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. *See United States v. Eredia*, No. 13-3538, slip op. at 2-3 (8th Cir. Oct. 2, 2014) (unpublished) (Colloton, J., concurring in part and dissenting in part).

_____

[1] The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.