# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1360

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Lee, also known as L. Black

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 4, 2014
Filed: November 7, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Larry Lee directly appeals the sentence that the district court[1] imposed on him following his guilty plea to being a felon in possession of firearms. On appeal,

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

counsel for Lee seeks leave to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), she argues that the district court erred in overruling Lee's objections to two sentencing enhancements that boosted his offense level. Lee moves to strike the Anders brief, and in a pro se brief, he also argues that the court miscalculated his Guidelines range, and he argues as well that the sentence is substantively unreasonable.

The written plea agreement in this case contains an appeal waiver, which we will enforce. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). First, by its terms, the appeal waiver applies if--as is the case here--the district court accepted the guilty plea, applied the parties' agreements at sentencing, and after calculating a Guidelines range, sentenced Lee within or below the range. Further, the arguments raised in this appeal fall within the scope of the waiver, which covers all sentencing issues except for the calculation of Lee's criminal history. Second, after careful review of the plea transcript in this case, we are satisfied that Lee entered into both the plea agreement and the appeal waiver knowingly and voluntarily. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). Third, we conclude that no miscarriage of justice would result from enforcing the waiver in these circumstances. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the waiver.

Accordingly, we grant counsel leave to withdraw, we deny the motion to strike as moot, and we dismiss this appeal.

_____