# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1978

_____

United States of America

*Plaintiff - Appellee*

v.

Denise Suzel Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 7, 2014
Filed: November 12, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Denise Harris directly appeals after she pled guilty to conspiracy charges and the district court[1] sentenced her below the calculated Guidelines range. Her counsel

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging an appeal waiver in Harris's plea agreement and asserting arguments. Counsel has also moved for leave to withdraw. Harris has filed a pro se supplemental brief challenging her sentence.

After careful de novo review, we enforce the appeal waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); <u>see also</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). We note that Harris's statements under oath at the plea hearing showed that she entered into both the plea agreement and the appeal waiver knowingly and voluntarily. <u>See</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. This appeal is dismissed, and counsel's motion to withdraw is granted.

_____