# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1150

_____

United States of America

*Plaintiff - Appellee*

v.

Adan Magana-Sanchez, also known as Juan Luis Cachu-Arrequin, also known as
Apolonio Chavez-Martinez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 23, 2015
Filed: October 29, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Adan Magana-Sanchez directly appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute methamphetamine and conspiring to commit money laundering. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in accepting the guilty plea as Magana-Sanchez did not fully understand the plea agreement, because he only speaks and understands Spanish. In pro se filings, Magana-Sanchez argues that his 190-month sentence is a miscarriage of justice because of its length and because his attorney misled him by telling him that he would receive a 10-year sentence.

After careful review, we reject the challenges to the voluntariness of Magana-Sanchez's plea, as the record shows that the plea agreement was translated into Spanish, an interpreter was used during the plea hearing, Magana-Sanchez was informed of his sentencing range, and he stated under oath at the plea hearing that he understood the plea agreement. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). Magana-Sanchez's assertion that the length of his sentence is a miscarriage of justice is barred by the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if, inter alia, defendant knowingly and voluntarily entered into waiver and plea agreement). His argument that counsel provided ineffective assistance is best left to 28 U.S.C. § 2255 proceedings where the record can be sufficiently developed. See United States v. Umanzor, 617 F.3d 1053, 1060-61 (8th Cir. 2010) (where defendant did not move to withdraw guilty plea in district court, he could not challenge voluntariness of plea for first time on direct appeal, and any claim that plea was involuntary needed to be addressed in § 2255 proceedings where factual record could

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

be further developed). Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____