# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3590

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon L. Rubio

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 25, 2017
Filed: April 28, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Brandon Rubio challenges the sentence the District Court[1] imposed after he pleaded guilty to conspiring to distribute

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

methamphetamine with a written plea agreement that contained a waiver of the right to challenge his conviction and sentence. Rubio's counsel moves to withdraw and in a brief submitted under Anders v. California, 386 U.S. 738 (1967), argues that the sentence was greater than necessary.

We conclude that the appeal waiver is enforceable. Rubio entered into the plea agreement and the appeal waiver knowingly and voluntarily, the appeal falls within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver); United States v. Andis, 333 F.3d 886, 890–92 (8th Cir.) (en banc) (discussing enforcement of appeal waivers), cert. denied, 540 U.S. 997 (2003); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (noting that "the defendant's representations during the plea-taking carry a strong presumption of verity" (citation to quoted case omitted)). We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

We dismiss the appeal and grant counsel's motion to withdraw.

_____