# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-3526

———————————————

United States of America

*Plaintiff - Appellee*

v.

Steven Marquain Davis

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

—————————

Submitted: May 26, 2017
Filed: June 1, 2017
[Unpublished]

—————————

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

—————————

PER CURIAM.

In this direct criminal appeal, Steven Davis challenges the sentence the district court[1] imposed after he pleaded guilty to one count of Bank Robbery, 18 U.S.C.

———————————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2113(a), and one count of Use of a Firearm During a Crime of Violence, 18 U.S.C. 924(c)(1)(A)(ii), pursuant to a written plea agreement that contained a waiver of the right to challenge his conviction and sentence. Davis's counsel moves to withdraw, and in a brief submitted under Anders v. California, 386 U.S. 738 (1967), argues that the district court erred by imposing an unreasonable sentence that did not adequately and fully address the criteria enumerated in 18 U.S.C. § 3553(a).

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Davis entered into the plea agreement and the appeal waiver knowingly and voluntarily; the argument falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion, and we dismiss this appeal.

_____