# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1403

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Harris, also known as T., also known as Rakeem

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 28, 2017
Filed: November 30, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Timothy Harris challenges the sentence the district court[1] imposed after he pleaded guilty, pursuant to a written plea agreement,

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

to drug and firearm charges.  His counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable and failed to give sufficient weight to mitigating factors.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Harris entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the argument falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc).  Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion, and we dismiss this appeal.

_____