# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4396

_____

United States of America

*Plaintiff - Appellee*

v.

Dylan Maron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 28, 2017
Filed: December 28, 2017
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Dylan Maron directly appeals the sentence the district court[1] imposed after he pleaded guilty to participating in a drug conspiracy, pursuant to a plea agreement

_____

[1]The Honorable Joseph F. Bataillon, United States District Court Judge for the District of Nebraska.

containing an appeal waiver. His counsel has requested leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning whether the sentence is reasonable. Maron has also filed a pro se supplemental brief, challenging the validity of the plea agreement. The government has moved to dismiss the appeal based on the appeal waiver.

We conclude that the appeal waiver is valid and should be enforced as to the issues on appeal, because our review of the record demonstrates that Maron entered into the plea agreement and the appeal waiver knowingly and voluntarily, <u>see</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997); and because the arguments fall within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver, <u>see</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Furthermore, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant the government's motion to dismiss this appeal based on the appeal waiver, grant counsel leave to withdraw, and dismiss this appeal.

———————————————————