# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 16-4569

———————————————

United States of America

*Plaintiff - Appellee*

v.

Bernard Gleghorn

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: January 10, 2018
Filed: March 2, 2018
[Unpublished]

————————

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

Bernard Gleghorn pleaded guilty in the district court[1] to being a felon in possession of a firearm. Gleghorn appeals his within-Guidelines sentence of 36

———————————————

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

months' imprisonment as substantively unreasonable. His plea agreement contained an appeal waiver. *See* Guilty Plea Agreement at 7, *United States v. Gleghorn*, No. 4:15-cr-00532-CDP (E.D Mo. Jul. 6, 2016), ECF No. 38 ("[T]he Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.").

We conclude that the appeal waiver is valid and should be enforced. Our review of the record shows that Gleghorn entered into the plea agreement and the appeal waiver knowingly and voluntarily. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Furthermore, Gleghorn's argument that his sentence is substantively unreasonable falls within the scope of the waiver, and no miscarriage of justice will result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers).

Accordingly, we dismiss the appeal.

_____