# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1848

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 20, 2019
Filed: December 27, 2019
[Unpublished]

_____

Before STRAS, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ronald Mitchell appeals after he pled guilty to drug charges, and the district court[1] imposed a sentence consistent with his binding Federal Rule of Criminal

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Procedure 11(c)(1)(C) plea agreement. Counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging an appeal waiver in the plea agreement, but challenging the sentence as an abuse of discretion and substantively unreasonable. Mitchell has filed a pro se brief challenging the voluntariness of his plea and the constitutionality of one of his offenses of conviction.

We reject Mitchell's claim that his plea was involuntary. Although he argues that counsel did not adequately investigate his case, thus prompting him to enter into the plea agreement because he determined it would be "suicidal" to proceed to trial, the record shows that at his plea hearing, Mitchell stated under oath that he was satisfied with counsel's performance; he agreed with the factual basis set forth in the plea agreement; and his plea was voluntary. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). To the extent Mitchell has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, this court declines to address them in this direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed). As to the remaining issues, we enforce the appeal waiver.[2] See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal

---

[2]To the extent the arguments in Mitchell's supplemental pro se brief are not covered by the appeal wavier, they have no merit.

waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

_____