# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3263

———————————————

United States of America

*Plaintiff - Appellee*

v.

Carlos Exinia, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: January 8, 2021
Filed: January 22, 2021
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Carlos Exinia appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses. His attorney has filed a brief under Anders

———————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

v. California, 386 U.S. 738 (1967), discussing whether the district court committed reversible error during the plea or sentencing hearings. We previously granted his attorney's motion to withdraw. Exinia has filed motions for appointment of new counsel. The motions were denied and Exinia was granted 30 days to file a pro se supplemental brief if he desired to do so. No supplemental brief has been filed and this matter is ready for decision.

Upon careful review, we conclude that Exinia knowingly and voluntarily entered into the plea agreement. See United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We also conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment.

_____