# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1846
_____

United States of America

*Plaintiff - Appellee*

v.

Michael D. McBride

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: September 3, 2014
Filed: September 23, 2014
[Unpublished]
_____

Before BYE, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

Michael McBride directly appeals after he pled guilty to a child-pornography charge under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement

containing an appeal waiver, and the district court[1] sentenced him in accordance with the plea agreement to the statutory minimum term of imprisonment. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging McBride's sentence. In addition, counsel seeks leave to withdraw.

After careful de novo review, we enforce the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). First, we conclude that counsel's challenge to McBride's statutory minimum sentence falls within the scope of the appeal waiver. Second, based on McBride's statements under oath at the plea hearing, we are satisfied that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). Third, we conclude that no miscarriage of justice would result from enforcing the waiver. See Andis, 333 F.3d at 891-92 (miscarriage-of-justice exception is narrow and generally applies only to claims of illegal sentences, sentences based on constitutionally impermissible factors, and ineffective assistance of counsel). Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, this appeal is dismissed, and we grant counsel leave to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.