# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2176

_____

United States of America

*Plaintiff - Appellee*

v.

Keyessence Fountain

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 2, 2014
Filed: December 5, 2014
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Keyessence Fountain directly appeals after she pled guilty to robbery and firearm charges, and the district court[1] sentenced her below the calculated Guidelines

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

range.  Her counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Fountain's plea agreement.

After careful de novo review, we enforce the appeal waiver, because the record shows Fountain entered into both the plea agreement and the waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *see also United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver.  Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw, subject to counsel informing Fountain about the procedures for seeking rehearing or filing a petition for certiorari.

_____