# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2257

_____

United States of America

*Plaintiff - Appellee*

v.

Erasmo Flores, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 29, 2016
Filed: January 3, 2017
[Unpublished]

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Erasmo Flores, Jr. pled guilty to aiding and abetting methamphetamine distribution. The district court[1] sentenced him to a term of 180 months in prison, to

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

run consecutively to a previous Minnesota state criminal sentence. Flores's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable because the imposition of a consecutive sentence makes the total time of imprisonment excessive, and the district court failed to properly consider the 18 U.S.C. § 3553(a) factors. Flores has filed a supplemental brief, stating that he agreed to plead guilty on the assumption that the sentences would run concurrently. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal.

Flores's plea agreement stated that the government would not seek a consecutive sentence, and that the stipulations in the agreement did not bind the court. Flores waived the right to appeal his sentence on any ground, unless the sentence exceeded 360 months in prison.

This court finds that Flores's appeal waiver should be enforced and prevents consideration of his claim. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity); *see also* 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively unless court orders that terms are to run concurrently); U.S.S.G. § 5G1.3(c) (court may run state and federal sentences concurrently, partially concurrently, or consecutively in order to achieve reasonable punishment). An independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no non-frivolous issues for appeal.

The appeal is dismissed and counsel's motion to withdraw is granted.

_____