# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4369

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Beason

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 31, 2017
Filed: August 7, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Richard Beason challenges the conviction and sentence the district court[1] imposed after he pleaded guilty to a drug charge, pursuant

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

to a written plea agreement which included an appeal waiver. His counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967), raising the issue that the sentence was unreasonable. Beason has also filed a pro se supplemental brief, arguing that the government violated his right to a speedy trial, that his sentence was improperly enhanced, and that there was an insufficient basis for his conspiracy conviction; and a motion for appointment of new counsel.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Beason entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the arguments fall within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion to withdraw, deny the motion for new counsel, and dismiss this appeal.

_____