# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1307

_____

United States of America

*Plaintiff - Appellee*

v.

Tara D. Childress

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 4, 2017
Filed: August 11, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and KELLY, Circuit Judges

_____

PER CURIAM.

In this direct criminal appeal, Tara Childress challenges the sentence the district court[1] imposed after she pleaded guilty to drug and robbery charges, pursuant

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to a written plea agreement which included an appeal waiver. Her counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967), raising the issue that the sentence was unreasonable. Childress has also filed a pro se supplemental brief, arguing that counsel was ineffective and disputing the Guidelines calculations; and a motion for appointment of new counsel.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Childress entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the arguments fall within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). We decline to address the ineffective-assistance claim on direct appeal, as it would be better litigated in a 28 U.S.C. § 2255 proceeding. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion to withdraw, deny the motion for new counsel, and dismiss this appeal.

_____