# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1944

_____

United States of America

*Plaintiff - Appellee*

v.

Renargo L. Martin, also known as Ricoh

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 18, 2017
Filed: August 23, 2017
[Unpublished]

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Renargo Martin directly appeals after he pleaded guilty to robbery charges, and the district court[1] imposed a sentence consistent with Martin's Federal Rule of

_____

[1] The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

Criminal Procedure 11(c)(1)(C) plea agreement, which contained an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, and relaying Martin's contentions that there was an insufficient basis for his conviction and that he received ineffective assistance of counsel.

We conclude that the appeal waiver is enforceable. In particular, we note that Martin's own statements at the change-of-plea hearing indicated that he knowingly and voluntarily entered into the plea agreement and appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

As to the ineffective-assistance claim, we decline to consider it on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (noting that ineffective-assistance claims are usually best litigated in collateral proceedings where the record can be properly developed).

Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____