# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2720
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas D. Bass

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 16, 2018
Filed: May 24, 2018
[Unpublished]
_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Nicholas Bass directly appeals after pleading guilty in the district court[1] to a drug offense, pursuant to a written plea agreement containing an appeal waiver. Bass

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

filed a pro se notice of appeal, in which he argued that counsel may have been ineffective. His counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by failing to sua sponte suppress evidence obtained during the execution of a search warrant of Bass's residence; and for failing to sustain his objection to the drug-premises enhancement.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Bass entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the arguments fall within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). To the extent Bass is attempting to raise an ineffective-assistance claim, we decline to address the claim on direct appeal, as it would be better litigated in a 28 U.S.C. § 2255 proceeding. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion to withdraw, decline to address any ineffective-assistance claim, and dismiss this appeal.

_____