# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2902

_____

United States of America

*Plaintiff - Appellee*

v.

Twyla Lashelle Adair, also known as Twyla Mitchell, also known as Twyla
Downs, also known as T. L. King, also known as Twyla King

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 21, 2018
Filed: July 11, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Twyla Adair directly appeals the Guidelines-range sentence the district court[1] imposed after she pled guilty to misusing social security numbers and aggravated identity theft. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Adair's plea agreement, and otherwise challenging the reasonableness of her sentence. Adair has filed a motion for new counsel and a letter to this court. In the letter, Adair challenges the voluntariness of her plea, generally alleges the government breached the plea agreement, asserts defense counsel was ineffective, and accuses the prosecutor of unspecified misconduct.

This court concludes that the appeal waiver is enforceable. A review of the record demonstrates that Adair entered into the plea agreement and the appeal waiver knowingly and voluntarily. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). There is no support for Adair's contention that the government breached the plea agreement. This court further concludes that counsel's argument falls within the scope of the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). To the extent Adair is attempting to raise an ineffective assistance claim, this court declines to address the claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings, where record can be properly developed). There is no basis to support a claim for prosecutorial misconduct. This court has reviewed the record

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no non-frivolous issues.

The appeal is dismissed. Counsel's request to withdraw is granted. Adair's pro se motion for new counsel is denied as moot.

_____