# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2002

_____

United States of America

*Plaintiff - Appellee*

v.

Leah Renee Binney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 22, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before BENTON, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Leah Renee Binney pled guilty to a money-laundering charge pursuant to an appeal waiver. She appeals the below Guidelines-range sentence the district court[1]

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

imposed. Having jurisdiction under 28 U.S.C. § 1291, this court enforces the appeal waiver and dismisses the appeal.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Binney's plea agreement, and asserting the district court misapplied the Guidelines. Binney has not filed a pro se brief, but her notice of appeal asserts that her guilty plea was not knowing and voluntary because counsel misadvised her as to the sentence she would likely receive as a result of the plea agreement.

This court concludes that Binney's voluntariness claim lacks merit, because the record does not support the contention that she would not have pled guilty but for counsel's advice. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). At the plea hearing, Binney confirmed that she understood the plea agreement, including the maximum penalties and the appeal waiver; and that no one had made any promises to induce her to plead guilty. *See* Fed. R. Crim. P. 52(a) (error that does not affect substantial rights must be disregarded); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity); *cf. Walker v. United States*, 810 F.3d 568, 578 (8th Cir.), *cert. denied*, 136 S. Ct. 2042 (2016) (counsel's error about sentencing range or likely punishment does not render plea involuntary where defendant was informed of maximum sentence). As the appeal waiver is valid, counsel's challenge to the sentence is barred, because it falls within the scope of the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

To the extent Binney has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, this court declines to address them

in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues.

The appeal is dismissed, and counsel's motion to withdraw is granted.

_____