# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1374

———————————————

United States of America

*Plaintiff - Appellee*

v.

Elgin Eugene Dothage, also known as Butch

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————————

Submitted: January 10, 2019
Filed: January 15, 2019
[Unpublished]

——————————

Before BENTON, BOWMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Elgin Eugene Dothage directly appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to drug and firearm offenses. Having

———————————

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Dothage's plea agreement, and asserting that the district court committed a procedural error and abused its discretion at sentencing. In a pro se brief, Dothage asserts defense counsel was ineffective.

After careful review, this court concludes that the appeal waiver is enforceable. The record demonstrates that Dothage entered into the plea agreement and the appeal waiver knowingly and voluntarily. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). This court further concludes that counsel's arguments fall within the scope of the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). The court declines to address Dothage's ineffective-assistance claims on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings, where record can be properly developed). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues.

The appeal is dismissed. Counsel's motion to withdraw is granted.

_____