# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2191

_____

United States of America

*Plaintiff - Appellee*

v.

Omar Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 21, 2020
Filed: January 27, 2020
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Omar Wilson appeals after he pled guilty to conspiring to distribute cocaine base, and the district court[1] imposed a below-Guidelines sentence. Counsel has

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging an appeal waiver in Wilson's plea agreement, and asserting that plea counsel was ineffective for failing to explain that the plea agreement would prevent him from appealing the denial of an offense level reduction for accepting responsibility, and that his sentence is unreasonable.

To the extent Wilson intended to challenge the voluntariness of his plea, we reject the claim. Wilson stated under oath at his plea hearing that he understood the terms of the agreement, including the appeal waiver; he understood that the court was not bound by the parties' Guidelines stipulations (which included the stipulation regarding acceptance of responsibility); he understood that a final determination regarding the Guidelines calculation would be made by the district court; and he was entering into the agreement voluntarily. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). To the extent Wilson has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, this court declines to address them in this direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed). As to the sentencing challenge, we enforce the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

_____