# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2190
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ray Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 22, 2020
Filed: June 5, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Michael Davis appeals after he pled guilty to a drug offense, pursuant to a plea agreement containing an appeal waiver, and the district court[1] sentenced him within

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

the advisory range under the United States Sentencing Guidelines Manual ("Guidelines"). His counsel moved to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the enforceability of the appeal waiver and the substantive reasonableness of Davis's sentence. In a pro se brief, Davis suggested his plea was involuntary, argued the government breached the plea agreement by seeking an enhanced sentence, and challenged the district court's Guidelines calculations. We denied counsel's motion to withdraw and ordered briefing on the issue whether the district court erred by failing to address Davis's motion to proceed pro se, which was filed after his guilty plea.

Initially, we conclude Davis abandoned his motion and thus waived his request to proceed pro se. *See United States v. Barnes*, 693 F.3d 261, 271 (2d Cir. 2012) (stating request to assert right to self-representation may be waived through conduct indicating defendant is vacillating on issue or has abandoned request altogether). We further conclude Davis's assertions his guilty plea was involuntary and the government breached the plea agreement are unsupported by the record. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (noting defendant's statements during plea hearing carry strong presumption of verity).

As to the sentencing-related arguments raised by counsel and Davis, we conclude the appeal waiver is valid, applicable, and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Accordingly, we dismiss this appeal and now grant counsel leave to withdraw.

_____