# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2611

_____

United States of America

*Plaintiff - Appellee*

v.

Ramon Miguel Felix-Navarrete, also known as Uriel Figueroa-Naharette, also known as Miguel Felix-Valenzuela

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 13, 2024
Filed: December 18, 2024
[Unpublished]

_____

Before SMITH, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Ramon Felix-Navarrete appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to conspiracy to distribute heroin and commit money laundering pursuant to a plea agreement containing an appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence and the voluntariness of the appeal waiver.

We conclude that the plea agreement and the appeal waiver were entered knowingly and voluntarily. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (standard of review); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing carry strong presumption of verity). We further conclude that the appeal waiver is applicable to the issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). To the extent that Felix-Navarrete has attempted to raise a claim of ineffective assistance of counsel, we decline to consider it on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal and grant counsel leave to withdraw.

_____

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.